was dismissed by the plaintiff in replevin, the burden is on the defendant to show property in himself in mitigation of damages.

2. REPLEVIN, § 124*—*when evidence offered insufficient to establish title in action on bond.* Defendant in an action on a replevin bond, given in a replevin suit which he had voluntarily dismissed, sought to establish his title to the property by introducing a certified copy of a chattel mortgage which described a note secured thereby, giving its date, amount and stated that it was payable to defendant and that it was signed by the mortgagor, and gave the date of its maturity. There was no offer to show an indebtedness from the mortgagor to defendant nor any other offer to show the contents of the note than that contained in the copy of the mortgage. The only excuse for failure to produce the note was defendant's evidence that he was unable to find it, though he had made a careful search for it. It was *held* that even though the proof of loss of the mortgage was sufficient under the Mortgage Act, sec. 5 (J. & A. ¶ 7580), it was not sufficient as a ground for secondary evidence of the contents of the note and there was no sufficient offer to prove their contents, and that the evidence offered was not sufficient to show title in defendant.

---

## S. A. Wright and E. P. Fleming, partners as Wright & Fleming, Appellees, v. Elsie Olson, Appellant.

### Gen. No. 5,996.    (Not to be reported in full.)

Appeal from the Circuit Court of Lee county; the Hon. OSCAR E. HEARD, Judge, presiding. Heard in this court at the October term, 1914. Affirmed. Opinion filed January 6, 1915.

### Statement of the Case.

Action by S. A. Wright and E. P. Fleming, partners as Wright & Fleming, against Elsie Olson to recover commissions on the sale of real estate.

Plaintiffs claimed that the defendant agreed to pay a commission of one dollar per acre if they would sell her farm of one hundred and sixty acres at two

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

hundred dollars an acre.  Defendant denied that she had authorized them.  The evidence showed that one of the plaintiffs spent much time in an effort to sell the farm, that he procured the purchaser who purchased at the agreed price.

There was a verdict and judgment for plaintiffs in the justice court for the full amount claimed, and from the judgment defendant appealed to the Circuit Court and, on affirmance by that court, takes this appeal.

John E. Erwin, for appellant.

Harry Edwards and C. F. Preston, for appellees.

Mr. Presiding Justice Carnes delivered the opinion of the court.

## Abstract of the Decision.

1. Brokers, § 93*—*when finding of jury on conflicting evidence not disturbed.*  In an action to recover commissions on the sale of land, where the evidence is directly conflicting as to whether or not plaintiff was authorized to make the sale, defendant also claiming that she supposed that he was acting as the purchaser's agent, but the evidence showing that he was not acting for the purchaser, the finding of the jury will not be disturbed.

2. Brokers, § 85*—*when testimony as to listing of land for sale admissible in action for commissions.*  In an action by a real estate broker to recover commissions on a sale of land alleged to have been made by agreement with the owner, evidence of plaintiff that he had listed the land on his books is admissible.

3. Appeal and error, § 1533*—*when use of ordinary term in instruction not error.*  In an action to recover commissions on a sale of real estate claimed to have been made by plaintiff for defendant, it is not error, in an instruction to use the word "listed" in the same sense that it had been frequently used in the testimony and as it is understood in ordinary conversation.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.